UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT J STYNES,

                Petitioner,

v.                                                              Case No. 22-cv-1470-bhl

JOHN NOBLE,

                Respondent.

## SCREENING ORDER

On December 7, 2022, Petitioner Robert J. Stynes, a state prisoner currently incarcerated at Kettle Moraine Correctional Institution, filed a petition for a writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) Two weeks later, he paid the $5.00 filing fee.

Rule 4 of the Rules Governing §2254 Cases, requires the Court to screen Stynes' petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing §2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

On June 11, 2018, in Kenosha County Circuit Court, a jury convicted Stynes of one count of second-degree reckless homicide. (ECF No. 1 at 2.) He subsequently received a 25-year sentence. (*Id.*) On September 9, 2019, Stynes filed a postconviction motion with the trial court, arguing that the cumulative effect of his trial attorney's deficiencies established ineffective assistance of counsel. (*Id.* at 4.) The trial court granted a *Machner* hearing but ultimately denied Stynes' motion. (*Id.* at 3-4.) He then sought review before both the Wisconsin Court of Appeals

and the Wisconsin Supreme Court. (*Id.* at 3, 6.) The court of appeals affirmed Stynes' sentence, and the Supreme Court denied his petition for review. (*Id.*)

In his federal habeas petition, Stynes argues only that his postconviction attorney provided ineffective assistance at the *Machner* hearing because she failed to question his trial attorney about certain alleged deficiencies. (*Id.* at 6.)

A district court may not address the merits of a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). If a petitioner has "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). While Stynes did present his ineffective assistance of *trial* counsel claim for one full round of State court review, the same cannot be said of his ineffective assistance of *postconviction* counsel claim. In its decision affirming Stynes' conviction, the Wisconsin Court of Appeals noted that postconviction counsel had failed to elicit testimony about several alleged deficiencies in trial counsel's performance, and those issues were, therefore, not properly before the court on appeal. *See State v. Stynes*, No. 2020AP598-CR, 2021 WL 5101498, at *2 n.2 (Wis. Ct. App. Nov. 3, 2021). Stynes' federal habeas petition seizes on this language to assail postconviction counsel's performance. But none of his State court challenges included any claim for ineffective assistance of *postconviction* counsel. In short, that claim has not undergone any State court review, so it is not properly before this Court. Accordingly, Stynes' petition must be dismissed.

**IT IS HEREBY ORDERED** that, pursuant to Rule 4 of the Rules Governing §2254 Cases, the petition for writ of habeas corpus is **DISMISSED** without prejudice.

Dated at Milwaukee, Wisconsin on January 3, 2023.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge